UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **REGINALD SANTINAC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-6260** |
| **BURL CAIN, WARDEN** | **SECTION "A"(6)** |

### REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing.  For the following reasons, it is hereby recommended that the instant petition be **DISMISSED WITH PREJUDICE** as untimely.

### PROCEDURAL HISTORY [1]

On June 25, 1998, petitioner, Reginald Santinac, a prisoner incarcerated in the Louisiana State Penitentiary, Angola, Louisiana, was charged by bill of indictment with

---

[1] A portion of the procedural history was obtained from the Louisiana Fourth Circuit Court of Appeal's opinion, *State v. Santinac*, 765 So.2d 1133 (La. App. 4 Cir. 2000).

second degree murder, a violation of La.R.S. 14:30.[2] On November 24, 1998, following trial in Orleans Parish Criminal District Court, a twelve-member jury found Santinac guilty of second degree murder. On December 3, 1998, petitioner was sentenced to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence.

On June 14, 2000, pursuant to petitioner's appeal, the Louisiana Fourth Circuit Court of Appeal affirmed petitioner's second degree murder conviction and life sentence. *State v. Santinac*, 765 So.2d 1133 (La. App. 4 Cir. 2000). Thereafter, petitioner did not apply for rehearing nor did he seek review with the Louisiana Supreme Court. Thus, under the provisions of La.C.Cr.P. art. 922, petitioner's conviction and sentence became final 14 days later, on June 28, 2000, when the delay for applying for rehearing expired.[3]

On February 27, 2002, petitioner filed an application for post-conviction relief with the state district court.[4] When the state district court did not rule on his post-conviction

---

[2] Petitioner was also charged with another count of second degree murder. The charges were severed for trial, and he pled guilty to the reduced count of manslaughter; he was sentenced to serve 25 years incarceration at hard labor in connection with his manslaughter conviction.

[3] La.C.Cr.P. art. 922 provides, in pertinent part, as follows:
    A. Within fourteen days of rendition of the judgment of the supreme court or any appellate court, ... a party may apply to the appropriate court for a rehearing....
    B. A judgment rendered by the supreme court or other appellate court becomes final when the delay for applying for a rehearing has expired and no application therefor has been made.

[4] A copy of petitioner's post-conviction application is contained in the State rec., vol. 3 of 3.

2

application, petitioner, on June 5, 2005, filed a writ of mandamus with the state appellate court, requesting that the court order the district court to rule on his outstanding post-conviction claims.[5]  On August 4, 2005, the Louisiana Fourth Circuit Court of Appeal reviewed his post-conviction claims and determined that he was not entitled to relief. Thereafter, the court denied petitioner's writ of mandamus.  *State v. Santinac*, No. 2005-K-0929 (La. App. 4 Cir. 2005) (unpublished opinion).[6]  On June 16, 2006, the Louisiana Supreme Court likewise denied petitioner post-conviction relief.  *State ex rel. Santinac v. State*, 929 So.2d 1281 (2006).

On August 12, 2006, petitioner filed the instant habeas corpus action.[7]  Based upon the reasoning set forth below, the court finds petitioner's federal habeas corpus

---

[5] A copy of petitioner's writ of mandamus is contained in the State rec., vol. 3 of 3.

[6] A copy of the Louisiana Fourth Circuit's August 4, 2005 unpublished opinion is contained in the State rec., vol. 3 of 3.

[7] This August 12, 2006 filing date was ascertained via the court's use of the "mailbox rule."  Under this rule, a pleading filed by a prisoner acting *pro se* is considered to be filed for prescriptive purposes on the date it is delivered to prison officials for mailing.  *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).  Generally, the date a prisoner signs his petition is presumed to be the date he delivered it to prison officials for mailing and, therefore, the filing date.  *Colarte v. Leblanc*, 40 F.Supp.2d 816, 817 (E.D. La. 1999) (assumed that petitioner turned his habeas corpus application over to prison officials for delivery to this Court on the date he signed his application).  This is true even if a *pro se* litigant does not pay the required filing fee at the time he signs his petition.  *See Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002), *cert. denied*, 539 U.S. 918, 123 S.Ct. 2277, 156 L.Ed.2d 136 (2003), *citing Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).  Thus, the fact that the petitioner, in this instance, did not pay the required filing fee until July, 2010, is of no moment for purposes of determining the filing date of his habeas petition.

application to be untimely.

**ANALYSIS**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year within which to bring his habeas corpus claims pursuant to 28 U.S.C. § 2254, with this one year period commencing to run from "the latest of" either the date the petitioner's state judgment became final or the expiration of his time for seeking review.[8] *See* 28 U.S.C. § 2244(d)(1) (West 2010), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220. In this case, petitioner's judgment became final on June 28, 2000, when the 14-day deadline for seeking rehearing expired, and his time for seeking review ended July 14, 2000, when his 30-day time limit for seeking relief from the Louisiana Supreme Court expired.[9] Thus, petitioner had a year from July 14, 2000, until July 14, 2001, to timely seek federal habeas corpus relief.

Petitioner did not file the instant action until August 12, 2006, over five years

---

[8]The AEDPA applies to this case as it was filed after the enactment of the AEDPA, or after April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 2060, 138 L.Ed.2d 481 (1997).

[9]La. Supreme Court Rule X, Section 5(a) provides, in pertinent part:
An application seeking to review a judgment of the court of appeal either after an appeal to that court, or after that court has granted relief on an application for supervisory writs ... or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal....

4

after his limitation period expired.  Thus, petitioner's federal habeas corpus application must be dismissed as untimely, unless the one-year statute of limitations period was interrupted as set forth in 28 U.S.C. § 2244(d)(2).  Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

As noted earlier, petitioner, on February 27, 2002, filed an application for post-conviction relief with the state district court.  At that point, however, petitioner was over seven months beyond his one-year prescriptive period.  As no facts have been presented warranting the application of equitable tolling, a doctrine that applies in rare and exceptional circumstances and principally where the petitioner has been actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights, *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), it will be recommended that the instant petition be dismissed with prejudice.

Accordingly;

## RECOMMENDATION

For the foregoing reasons, it is hereby recommended that the application for federal habeas corpus relief filed by petitioner, Reginald Santinac, should be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. §636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996)(*en banc*).[10]

New Orleans, Louisiana, this __14th__ day of _____December_____, 2010.

 

_____
LOUIS MOORE, JR.
United States Magistrate Judge

---

[10]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.