UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CRIMINAL ACTION

REGINALD SANTINAC

VERSUS                                    NO: 06-6260

N. BURL CAIN, WARDEN                      SECTION: "A" (6)
LOUISIANA STATE PENITENTIARY

## ORDER AND REASONS

The Court, having considered the petition, the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge, and the objections by the petitioner, Reginald Santinac, approves the Magistrate's Report and Recommendation and adopts it as its opinion in this matter. The Court, however also writes separately to address why petitioner's objections are rejected.

Mr. Santinac, who is incarcerated in the Louisiana State Penitentiary, Angola, Louisiana, was charged by indictment with second degree murder, a violation of La. R.S. § 14:30. On November 24, 1998, following trial in Orleans Parish Criminal Court, a twelve-member jury found Santinac guilty of second degree murder. On December 3, 1998, petitioner was sentenced to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence.

1

The Magistrate Judge's Report and Recommendation found the petitioner's federal habeas corpus application to be untimely because it was filed over five years after his conviction became final.  The Magistrate further found that the petitioner did not file for state post-conviction relief until a year and seven months after the confirmation of his conviction, which at that time made his right to apply for federal habeas corpus relief seven months past due.

Petitioner claims that the sentencing record is completely silent as to him being informed, and/or, advised that his federal habeas corpus application had to be filed within a year of the confirmation of his sentence.  He argues that it would be appropriate for this Court to apply the doctrine of equitable tolling because of the confusion or ambiguity within the language of Louisiana's post-conviction statute, Louisiana Code of Criminal Procedure article 930.8.  Specifically, petitioner contends that he was misled into believing that the Antiterrorism and Effective Death Penalty Act's (AEDPA) one year statute of limitations did not begin to run until after his two year allotted time to seek state post-conviction relief was tolled.

The petitioner must show a diligent pursual of his rights and that some extraordinary circumstance stood in his way to be

2

entitled to equitable tolling.[1]  The Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, in rare and exceptional circumstances, be equitably tolled, where it is necessary to preserve a plaintiff's claims when strict application of the statute of limitations would be inequitable. <u>Davis v. Johnson</u>, 158 F.3d 806, 810-11 (5th Cir. 1998).

The burden of proof to establish that equitable tolling applies falls to the petitioner. <u>Phillips v. Donnelly</u>, 216 F.3d 508, 511 (5th Cir. 2000). In <u>Fisher v. Johnson</u>, 174 F.3d 710, 713 (5th Cir. 1999), the court noted that "ignorance of AEDPA's limitations period is no excuse for filing an untimely federal habeas petition."

Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." <u>Coleman v. Johnson</u>, 184 F.3d 398, 402 (5th Cir. 1999). The evidence must show that the applicant, though deterred by matters outside his or her control, was nevertheless diligent in his or her pursuit of § 2254 relief. <u>Id</u>. at 403.

In <u>Prieto v. Quarterman</u>, 456 F.3d 511, 514-15 (5th Cir. 2006),

---

[1]  In <u>Lawrence v. Florida</u>, 549 U.S. 327, 336 (2007), the parties had agreed that equitable tolling was available, so the Supreme Court assumed that it was without deciding whether it should be. The Court then stated what a petitioner must show to be entitled to equitable tolling.

the Fifth Circuit held that equitable tolling applies when the district court has done something to mislead the petitioner into believing that his petition is due on a date after the AEDPA's statute of limitations would allow.  Also, the Fifth Circuit has applied the doctrine of equitable tolling when a petitioner requested and received an extension of time before the limitations period had expired, and relied in good faith on the extension granted. United States v. Patterson, 211 F.3d 927, 931-32 (5th Cir. 2000).  However, in this case petitioner's claims do not rise to the rare and extraordinary circumstances above that warrant the application of the doctrine of equitable tolling.

First, petitioner, in this instance, does not meet the diligence requirement mentioned by the United States Supreme Court in Lawrence.  Mr. Santinac did not file his application for state post-conviction relief until roughly a year and seven months had passed from his conviction, seven months after the federal statute of limitations for habeas corpus had expired.[2] Second, the petitioner does not claim nor does the record reflect that he was "actively misled" or "prevented in some extraordinary way" from asserting his federal habeas corpus rights.

---

[2]  See Dennis v. Cain, No. 04 Civ.A. 2164, 2005 WL 3588707, at *2 (E.D. La. Nov. 14, 2005), where Judge Lemmon found that the petitioner did not actively pursue his § 2254 claim because he waited 371 days to file for state post-conviction relief.

However, the petitioner does claim that it was "the duty of his counsel, court or state to advise him of his federal habeas corpus rights and time limitations".[3]  In Cousin v. Lensing, 310 F.3d 843, 848 (5TH Cir. 2002), the court considered whether it was an abuse of discretion to not toll limitations where a petitioner was harmed by the actions of an attorney. The court concluded that petitioner's attorney's failure to investigate the status of his petition was not a "rare and exceptional circumstance." Id.

Further, Louisiana Code of Criminal Procedure article 930.8(C) states that "[a]t the time of sentencing, the trial court shall inform the defendant of the prescriptive period for post-conviction relief either verbally or in writing." Petitioner does not claim that he was not informed of his state post-conviction relief rights, but that the record was silent regarding his federal habeas corpus rights.  However, after extensive research this Court cannot find any authority that requires a state judge to inform a defendant of his federal habeas corpus rights.

Judge Africk faced a similar issue in Cooper v. Travis, No. 08 Civ. 0021, 2010 WL 3523022, at *2 (E.D. La. Sept. 2, 2010), where the petitioner argued that equitable tolling should apply because he was misled by the trial judge in relying on his statement that,

---

[3]  See Petitioner's Objection to Magistrate's Report and Recommendation (Rec. Doc. 19 at 2-3).

"pursuant to Article 930.8 of the Code of Criminal Procedure, you have two years from the date that your sentence becomes final to file for your post conviction relief." Judge Africk stated that it was evident that the state court judge was fulfilling the requirement of Louisiana Code of Criminal Procedure article 930.8 because he specifically referred to the statute. Id. Judge Africk further stated that there was no similar obligation by the state judge to inform the defendant of rights he may have under federal law. Id.

Mr. Santinac fails to persuade this Court that the doctrine of equitable tolling should apply. This Court can find no instance where a state judge is required to inform the defendant of his federal habeas corpus rights. It is the duty of the petitioner to diligently pursue his post-conviction rights, whether state or federal and the failure to do so does not warrant equitable tolling. "Petitioner's own failure to exercise due diligence in investigating the procedure which governed his federal claims does not elevate his situation to the 'rare and exceptional circumstance' required to justify equitable tolling." Id.

It is clear that Mr. Santinac's claims do not fit the rare and exceptional circumstances that the Fifth Circuit requires to warrant equitable tolling. Therefore, the objections of the petitioner are denied.

6

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Objection to the Magistrate's Report and Recommendation (Rec. Doc. 19)** is **DENIED.**

February 22, 2011

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE